IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KYRELL HUTCHERSON : | |
| : | |
| Plaintiff : | |
| : | Civil Action No. 2:23-CV-1785-CB |
| v. : | |
| : | *Electronically Filed* |
| PENNSYLVANIA INTERSCHOLASTIC : | |
| ATHLETIC ASSOCIATION, individually : | Judge Cathy Bissoon |
| and t/d/b/a WESTERN PENNSYLVANIA : | |
| INTERSCHOLASTIC ATHLETIC : | |
| LEAGUE, BUCHANAN INGERSOLL & : | |
| ROONEY PC, MCNEES WALLACE & : | |
| NURICK LLC, AND KISKI AREA : | |
| SCHOOL DISTRICT : | |
| : | |
| Defendants : | |

**DEFENDANT BUCHANAN INGERSOLL & ROONEY PC'S REPLY BRIEF IN FURTHER SUPPORT OF ITS MOTION TO DISMISS AMENDED COMPLAINT**

Kyle J. Meyer (PA I.D. No. 307743)
BUCHANAN INGERSOLL & ROONEY PC
409 North Second Street, Suite 500
Harrisburg, PA  17101
(717) 237-4887
*kyle.meyer@bipc.com*

*Counsel for Defendant Buchanan Ingersoll & Rooney PC*

DATED:  March 22, 2024

Defendant Buchanan Ingersoll & Rooney PC ("Buchanan")[1] respectfully submits this concise Reply Brief to address specific matters raised in Plaintiff's Omnibus Brief in Opposition ("Opposition Brief") (Doc. 49) to Defendants' respective Motions to Dismiss. For the following reasons, Plaintiff's Opposition Brief is wholly inadequate to overcome the multiple grounds for dismissal set forth in Buchanan's Motion to Dismiss (Docs. 43-44). As a result, all claims asserted against Buchanan in the Amended Complaint (Doc. 35) should now be dismissed with prejudice.

I. **THE REMAINING CLAIMS AGAINST BUCHANAN SHOULD BE DISMISSED.**

As a further indication that Plaintiff commenced this action without the required rigor or scrutiny of its underlying legal merit (or lack thereof), Plaintiff — who already voluntarily dismissed a party (Kiski Area School District) and made a futile attempt at amendment — has now voluntarily withdrawn three of the five counts asserted against Buchanan in the Amended Complaint: Count II (Dragonetti Act), Count V (Recklessness), and Count VIII (Negligence). (*See* Doc. 49 at p. 2.) Plaintiff's counsel's use of such litigation tactics (*i.e.* filing claims devoid of legal support) has previously been noted by this court. *See Kingfly Spirits, LLC v. Blake Ragghianti*, Case 1:22-cv-00050-CB, Doc. No. 171, p. 2 n. 3 (September 25, 2023) ("whether related to levels of diligence, competence or zealousness, Plaintiffs' counsel appear willing to ask for anything, of any court, at any time; and they often do not appear to concern themselves with whether their requests enjoy support in the law."). While Buchanan certainly welcomes withdrawal of these meritless claims, with appropriate scrutiny, they would never have been filed in the first place and certainly should not have survived two meet and confer conferences to require two fully briefed Rule 12(b)(6) Motions. The only remaining counts against Buchanan — Count III (Abuse of

---

[1] Unless expressly stated otherwise, designated and abbreviated terms contained herein are used consistent with and in the same manner as defined in Buchanan's Memorandum of Law in Support of its Motion to Dismiss Plaintiff's Amended Complaint (Doc. 44).

1

Process) and Count VI (Intentional Infliction of Emotional Distress ("IIED") — should now be dismissed because they are as meritless as the claims that have already been voluntarily withdrawn.

II.   **PLAINTIFF'S ABUSE OF PROCESS CLAIM AGAINST BUCHANAN SHOULD BE DISMISSED.**

Plaintiff's abuse of process arguments are limited to an unsuccessful attempt to avoid dismissal under the two-year statute of limitations. (*See* Doc. 49 at pp. 8-10.) As a result, Plaintiff completely fails to address — and certainly fails to refute — Buchanan's primary argument that the Amended Complaint does not contain any well-pleaded factual allegations that could state a plausible abuse of process claim against Buchanan. (*See* Doc. 44 at p. 15 (§ IV.C.1); *see also id.* at p. 8 (§ IV.A).) In short, Plaintiff has failed to plead facts alleging ***any*** specific action or inaction by Buchanan in connection with a legal process, let alone to establish that Buchanan undertook "some definite act or threat not authorized by the process, or aimed at an objective not legitimate in the use of process" as required. *Neill v. Eberle*, 620 A.2d 673, 675 (Pa. Cmwlth. 1993) (quoting *Dietrich Indus., Inc. v. Abrams*, 455 A.2d 119, 125 (Pa. Super. 1982)). In addition, even if Plaintiff's threadbare, conclusory claims of discrimination by PIAA/WPIAL were sufficiently pleaded (they are not) and could be imputed to Buchanan (they cannot), Plaintiff's abuse of process claim would still be legally insufficient. *Al Hamilton Contracting Co. v. Cowder*, 644 A.2d 188, 192 (Pa. Super. 1994) ("[T]here is no liability where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions." (quoting *Shaffer v. Stewart,* 473 A.2d 1017, 1019 (Pa. Super. 1984)). For this reason alone, Plaintiff cannot avoid dismissal of his abuse of process claim in Count III.

Moreover, Plaintiff clarifies in his Opposition Brief that the only "act" which he believes Buchanan committed to constitute an abuse of process was to serve as legal counsel for the PIAA, which Plaintiff contends filed a "frivolous appeal" in the Commonwealth Court. (*See* Doc. 49 at

p. 9 ("Here, Hutcherson's abuse of process claim arises from the frivolous appeal of the trial court's decision that Defendants originally filed on February 26, 2021").)  But, serving as legal counsel to a party who files an appeal, even if it was frivolous, does not constitute an abuse of process.  In so asserting, Plaintiff has apparently mistakenly conflated the legal standard for wrongful use of civil proceedings (*i.e.*, the Dragonetti Act) with that applicable to abuse of process claims; the former "aris[ing] when a party institutes a lawsuit with malicious motive and lacking probable cause" and requiring a favorable termination of the underlying proceedings, *Rosen v. American Bank of Rolla*, 627 A.2d 190, 191 (Pa. Super. 1993), and the latter involving "perversion of legal process after it has begun to achieve a result for which the process was not intended," *Al Hamilton*, 644 A.2d at 191-92.  Plaintiff has therefore failed to plead an abuse of process claim against Buchanan.

Finally, facing the reality that, in addition to being meritless, his abuse of process claim is also time-barred, Plaintiff focuses his arguments on trying to avoid the two-year statute of limitations, but to no avail.  Recognizing that the appeal underlying his claim was filed well before the October 17, 2021 statute of limitations cutoff, Plaintiff grasps at straws after the fact to manufacture a later event notwithstanding the obvious variance from his pleading, asserting:

> It is important to note that there was no way for Plaintiff to know the appeal was frivolous when Defendants first filed the appeal [on February 26, 2021].  Instead, it was not until Defendants filed their entirely frivolous Application to Strike on November 8, 2021 that Plaintiff first had notice of the frivolity of the appeal….
>
> However, much more realistically, Plaintiff could not have known the appeal was frivolous until the Commonwealth Court issued its Memorandum Opinion on April 21, 2022.

(Doc. 49 at pp. 9-10.)  Plaintiff's newly minted theory, which Plaintiff raises for the first time in his Opposition Brief, fails for at least the following reasons.  ***First***, the Amended Complaint does not contain ***any*** allegations regarding the Application to Strike and certainly does not identify it as

3

the basis for Plaintiff's abuse of process claim.[2]  **Second**, Plaintiff's extra-record assertions regarding the Application to Strike fail to include any explanation for why it was improper or how it could have suddenly alerted Plaintiff that the appeal was "frivolous" (which, in any event, is immaterial to an abuse of process claim).  **Third**, if the appeal were truly "frivolous" (which it was not and, again, is not the applicable standard), then surely its frivolousness would have been immediately apparent to Plaintiff.  And yet, in trying to save his claim from being time-barred, Plaintiff unwittingly defeats his own theory on the merits by asserting that he "could not have known the appeal was frivolous until the Commonwealth Court issued its Memorandum Opinion."[3]  (Doc. 49 at p. 10.)  **Fourth**, Plaintiff does not cite any authority supporting application of the continuing violations doctrine to an abuse of process claim (*see id.*) or rebutting the contrary authority cited by Buchanan (*see* Doc. 44 at p. 16[4]).  For these additional reasons, Plaintiff cannot avoid dismissal of his abuse of process claim.

### III.  PLAINTIFF'S IIED CLAIM AGAINST BUCHANAN SHOULD BE DISMISSED.

Plaintiff likewise cannot avoid dismissal of his IIED claim in Count VI of the Amended Complaint.  Plaintiff's arguments merely parrot the legal elements for IIED without meaningfully addressing any of the fatal deficiencies identified by Buchanan.  (*Compare* Doc. 44 at pp. 22-25 (§ IV.E) *with* Doc. 49 at pp. 10-11.)  Plaintiff proclaims without legal authority to have met the

---

[2] Ironically, the Application to Strike was filed after Plaintiff sought to introduce extra-record documents and facts through his appellate brief.

[3] Almost by definition, an appeal cannot be "frivolous" if an ultimate decision on the merits is necessary before it can be deemed as such, and Plaintiff's erroneous standard would effectively turn every successful appellee into an abuse of process plaintiff.

[4] *Citing Langman v. Keystone Nat'l Bank & Trust Co.*, 672 F.Supp.2d 691, 697-98, 701 (E.D. Pa. 2009) (rejecting application of continuing violations doctrine and argument that abuse of process claims accrue in same manner as Dragonetti Act claims); *EverNu Tech, LLC v. Rohm and Haas Co.*, 2013 WL 11255629, *4-*6 (Pa. Super., Aug. 6, 2013) (holding that neither continuing violations nor compound violations will toll abuse of process statute of limitations).

standard for "outrageous conduct" (Doc. 49 at p. 11), but neither addresses the underlying pleading deficiencies in his threadbare assertions of discrimination by PIAA/WPIAL nor rebuts the authority cited by Buchanan clearly establishing that allegations of racial discrimination do not rise to the level of "extreme and outrageous conduct" for the purposes of a IIED claim (*see* Doc. 44 at pp. 23-24 (§ IV.E.2)).  Plaintiff then goes on to proclaim without any explication that he has "pleaded all the other elements required for an IIED claim" (Doc. 49 at p. 11), completely glossing over his failure to allege intentional or reckless conduct by Buchanan (*see* Doc. 44 at pp. 22-23 (§ IV.E.1))[5] and the required element of physical harm (*see id*. at p. 24 (§ IV.E.3).  Regarding the latter, Plaintiff does not (because he cannot) direct the Court to any averment in the Amended Complaint where he alleges any physical manifestation of the emotional harm he claims.  Accordingly, Plaintiff cannot avoid dismissal of his IIED claim in Count VI.

## IV.   CONCLUSION

For all of the reasons set forth in Buchanan's Motion to Dismiss (Doc. 43), Memorandum of Law (Doc. 44), and this Reply Brief, the Motion should be granted and all claims asserted against Buchanan in the Amended Complaint dismissed with prejudice.

Respectfully submitted,

 /s/ Kyle J. Meyer
Kyle J. Meyer (PA I.D. No. 307743)
BUCHANAN INGERSOLL & ROONEY PC
409 North Second Street, Suite 500
Harrisburg, PA  17101
(717) 237-4887
kyle.meyer@bipc.com

*Counsel for Defendant Buchanan Ingersoll & Rooney PC*

DATED:  March 22, 2024

---

[5] While already fatally deficient, Plaintiff's failure to allege intentional or reckless conduct is even more pronounced now that Plaintiff has withdrawn his claim for recklessness in Count V.

## CERTIFICATE OF SERVICE

      I hereby certify that the foregoing document was electronically filed by using the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

                                                        */s/ Kyle J. Meyer*
                                                        Kyle J. Meyer

DATED:  March 22, 2024