## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KYRELL HUTCHERSON,        )
                                   )     Civil Action No. 23-1785
             Plaintiff,      )
    v.                        )
                                   )     Judge Cathy Bissoon
PENNSYLVANIA INTERSCHOLASTIC  )
ATHLETIC ASSOCIATION, *et al*.,     )
                                   )
          Defendants.     )

## <u>MEMORANDUM AND ORDER</u>

### I.  MEMORANDUM

The Motions to Dismiss filed by Defendants Buchanan, Ingersoll and Rooney PC and McNees, Wallace and Nurick, LLC ("Attorney Defendants") (Docs. 43, 45, respectively) will be granted, and the Attorney Defendants will be dismissed from this case.  Defendant Pennsylvania Interscholastic Athletic Association ("PIAA")'s Motion to Dismiss (Doc. 41) will be granted in part and denied in part.

Plaintiff's eight-count Amended Complaint (Doc. 35) asserts the following claims against Defendants seeking to recover damages he claims to have sustained from administrative and court proceedings relating to his eligibility to participate in high school sports following his transfer from the Kiski Area School District to the North Allegheny School District:  Title VI discrimination against PIAA (Count I); Dragonetti Act violations against all Defendants (Count II); Abuse of Process against all Defendants (Count III): Recklessness against PIAA (Count IV); Recklessness against the Attorney Defendants (Count V); Intentional Infliction of Emotional Distress against all Defendants (Count VI); Negligence against PIAA (Count VII); and

Negligence against the Attorney Defendants (Count VIII).  Each Defendant has filed a Motion to Dismiss seeking dismissal of all claims against them (Docs. 41, 43 & 45).

### A.  Attorney Defendants' Motions to Dismiss (Docs. 43, 45)

The Attorney Defendants seek dismissal of Plaintiff's claims against them in their entirety.  Essentially, they argue that serving as legal counsel for the PIAA alone is not grounds for liability, and the Amended Complaint does not contain any factual allegations that could plausibly support any of Plaintiff's claims of wrongdoing against them.  *See generally* Buchanan Ingersoll Mot. Dismiss Br. & Reply Br. (Docs. 44, 51); McNees Wallace Mot. Dismiss Br. & Reply Br. (Docs. 46, 52).

As an initial matter, Plaintiff indicates in his responsive brief (Doc. 49), that he has "decided to withdraw without prejudice" his Dragonetti Act claims against all Defendants (Count II), and his Negligence and Recklessness claims against the Attorney Defendants (Counts V & VIII).  *See* Doc. 49 at 2.  Accordingly, the Motions to Dismiss these counts are granted as unopposed.[1]  As to Plaintiff's remaining claims against the Attorney Defendants – intentional infliction of emotional distress and abuse of process – they must be dismissed pursuant to Rule 12(b)(6) for the reasons set forth in the Attorney Defendants' briefing (Docs. 44, 46, 51 & 52).

Specifically, Plaintiff has sued the Attorney Defendants in their capacity as legal counsel providing legal representation to PIAA/WPIAL in connection with the prior litigation involving

---

[1] Plaintiff was aware of Defendants' positions regarding the deficiencies inherent in these claims, through two meet-and-confer conferences and Defendants' first round of fully briefed 12(b)(6) motions to dismiss.  *See* Doc. 51 at 1-2.  In short, Defendants were made to file two rounds of Motions to Dismiss to achieve what Plaintiff could have done voluntarily.  *See* Certificate of Conferral; *see also* Ps&Ps, Rule II.A (requiring parties to confer whether a Rule 12(b) motion may be curable by amendment).  Accordingly, the Court will enter a separate order forthwith, directing Plaintiff's counsel to show cause why they should not be held liable for costs and fees associated with the preparation of the portions of Defendants' motions and briefs relating to the withdrawn claims.

Mr. Hutcherson's transfer.  *See* Am. Compl. ¶  5, 111.  Plaintiff does not accuse the Attorney

Defendants themselves of discrimination, and the Amended Complaint is largely devoid of

factual allegations specific to the Attorney Defendants.  Plaintiff alleges simply that the Attorney

Defendants "championed, supported, and advanced the PIAA's and WPIAL's discrimination of

Plaintiff, generally and specifically by filing a frivolous appeal on their behalf, all in an effort to

bill and collect outrageous amounts of attorneys' fees and costs which they did."  Id. ¶ 181; *see*

*also* id.  ¶ 111; Pl. Opp. Br. (Doc. 49) at 9 ("Here, Hutcherson's abuse of process claim arises

from the frivolous appeal of the trial court's decision that Defendants originally filed on

February 26, 2021.").

As the Attorney Defendants correctly note, serving as legal counsel to a party who files

an appeal in the course of a legal proceeding, however "frivolous" that appeal may be, does not

an abuse of process claim make.  As the Pennsylvania courts have explained, "[T]here is no

liability where the defendant has done nothing more than carry out the process to its authorized

conclusion, even though with bad intentions."  Al Hamilton Contracting Co. v. Cowder, 644

A.2d 188, 192 (Pa. Super. Ct. 1994) (quoting Shaffer v. Stewart, 473 A.2d 1017, 1019 (Pa.

Super. Ct. 1984)).  Here, even presuming the Attorney Defendants acted with ill intent, there are

no allegations that they did anything other than file an appeal as of right on their client's behalf

in state court litigation that Plaintiff initiated.  To paraphrase McNees, Wallace and Nurick's apt

summary, "Hutcherson alleges only that [the Attorney Defendants] 'championed' [their] client's

case, and [they] did so in exchange for attorneys' fees. . . .  In other words, [the Attorney Defendants]

served [their] role as legal counsel."  *See* Doc. 46 at 8.  For all of these reasons, Plaintiff has failed

to state a plausible abuse of process claim, and that claim must be dismissed.

Plaintiff's Amended Complaint also fails to state a plausible claim for intentional

infliction of emotional distress ("IIED") against the Attorney Defendants.  To establish an IIED

claim in Pennsylvania, a plaintiff is required to show conduct that is "so outrageous in character, and so extreme in degree," that it goes "beyond all possible bounds of decency, and [can] be regarded as atrocious, and utterly intolerable in a civilized community." Kasper v. County of Bucks, 514 F. App'x 210, 217 (3d Cir. 2013) (applying Pennsylvania law, citation to quoted sources omitted). Defendants' alleged conduct does not rise to this level under any reasonable reading of the Amended Complaint. The pleading's bald assertion that, "[i]n this day and age, any form of discrimination is extreme and outrageous" (Doc. 35 ¶ 179) is insufficient and contravenes the well-established caselaw on this topic. See Parker v. Cenlar FSB, No. CV 20-02175, 2021 WL 22828, at *6 (E.D. Pa. Jan. 4, 2021) ("Courts applying Pennsylvania law have repeatedly found that allegations of racial discrimination, even when coupled with retaliatory conduct, do not meet the 'extreme and outrageous conduct' standard necessary to state a claim of IIED.").

The Amended Complaint also fails to allege any form of physical harm suffered by Plaintiff, another prerequisite for maintaining an IIED claim. See id. ("Stating an IIED claim also requires an allegation of some sort of physical injury, harm or illness related to the distress."). Although the Court does not mean to diminish Plaintiff's grievances, the circumstances surrounding them are a far cry from the ones found in support of an actionable claim for IIED, and, therefore, the motions to dismiss this count are granted. See Platek v. Safeguard Properties Inc., No. CIV.A. 12-1607, 2014 WL 2808908, at *2 (W.D. Pa. June 19, 2014).

## B.  PIAA's Motion to Dismiss

The PIAA likewise seeks dismissal of Plaintiff's claims against it in their entirety. They argue that the Amended Complaint does not contain any factual allegations that could plausibly

support any of Plaintiff's claims of wrongdoing against them and that many of Plaintiff's claims are barred by the doctrine of res judicata.  *See generally* PIAA Mot. Dismiss Br. & Reply Br. (Docs. 42).

As an initial matter, the PIAA's motion to dismiss is granted as to Plaintiff's Dragonetti Act claim because, as stated above, Plaintiff has elected not to pursue that claim.  *See* Doc. 49 at 2.  Furthermore, Plaintiff's abuse of process and IIED claims against the PIAA fail to state a plausible claim and must be dismissed for the same reasons set forth above as to the Attorney Defendants.  *See supra* Section I.A; Doc. 42 at 12-15, 23-25, 28-30.

Additionally, Plaintiff's recklessness claim against the PIAA must be dismissed because, as the PIAA correctly notes, "recklessness" is not a separate tort in Pennsylvania.  Rather, it is a "degree of care" in the context of a negligence claim.  *See* Doc. 42 at 25 (citing <u>Archibald v. Kemble</u>, 971 A.2d 513, 519 (Pa. Super. Ct. 2009)).

Plaintiff's claim for punitive damages also must be stricken for the reasons set forth in the PIAA's briefing, Doc. 42 at 30-33, and because Plaintiff did not meaningfully oppose the PIAA's arguments in this regard.  *See* Doc. 49.

The dismissal of Plaintiff's claims set forth above will be with prejudice, as Plaintiff has had ample opportunity to amend his pleadings, and further amendment would be futile.

Plaintiff's amended pleadings are sufficient to plausibly state claims for Title VI discrimination (Count I) and negligence based on the common law general duty of care (Count VII) against the PIAA.  Defendant's res judicata argument and remaining arguments regarding the pleading standards do not mandate dismissal at this juncture for the reasons set forth in Plaintiff's brief (Doc. 49).  The case will proceed as described, and the PIAA's Motion is denied

to this extent.[2]  The PIAA's request to strike Paragraphs 145 and 146 of the Amended Complaint (Doc. 41 at 34-35; Doc. 42 at 33-34) is also denied.

## II.  ORDER

For these reasons, the Motions to Dismiss filed by Defendants Buchanan, Ingersoll and Rooney PC **(Doc. 43)** and McNees, Wallace and Nurick, LLC **(Doc. 45)** are **GRANTED** in their entirety.  Plaintiff's claims against the Attorney Defendants are **DISMISSED WITH PREJUDICE,** and the Attorney Defendants are dismissed as parties.

Defendant PIAA's Motion to Dismiss (**Doc. 41**) is **GRANTED IN PART AND DENIED IN PART**. The Motion is **GRANTED** as to Plaintiff's Dragonetti Act, abuse of process, intentional infliction of emotional distress and recklessness claims, and those counts are **DISMISSED WITH PREJUDICE**.  Plaintiff's request for punitive damages is **STRICKEN**. The PIAA's Motion to Dismiss and/or Strike is **DENIED** in all other respects.   Consistent with Federal Rule 15(a)(3), the PIAA's answer deadline is **October 15, 2024**.  Once the pleadings close, the Court will set an initial case management conference.

The Court will enter a separate order, directing Plaintiff's counsel to show cause why they should not be held liable for costs and fees associated with the preparation of the portions of Defendants' motion and brief regarding the Counts that Plaintiff ultimately voluntarily withdrew.

IT IS SO ORDERED.

September 30, 2024

s/Cathy Bissoon
Cathy Bissoon
United States District Judge

---

[2] In so ruling, the Court does not express any opinion on the merits of the PIAA's remaining arguments, including, *inter alia*, its statute of limitations defenses or its argument that the PIAA is not a recipient of federal funding for Title VI purposes.  Although the points the PIAA raises in this regard are well-taken, these are issues more appropriately resolved later in the proceedings on a more fully developed record.

cc (via ECF email notification):

All Counsel of Record