# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KYRELL HUTCHERSON,<br><br>   *Plaintiff*,<br><br>  v.<br><br>PENNSYLVANIA INTERSCHOLASTIC ATHLETIC ASSOCIATION, individually and t/d/b/a WESTERN PENNSYLVANIA INTERSCHOLASTIC ATHLETIC LEAGUE, BUCHANAN INGERSOLL & ROONEY, P.C., MCNEES WALLACE & NURICK, LLC and KISKI AREA SCHOOL DISTRICT,<br><br>   *Defendants*. | Civil Action No.: 2:23-cv-1785-CB |

## DEFENDANT MCNEES WALLACE & NURICK, LLC'S REPLY TO PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

Defendant McNees Wallace & Nurick, LLC ("McNees"), by and through the undersigned counsel, respectfully submits this Reply to Plaintiff's Response to Order to Show Cause.

## BACKGROUND

Shortly after Plaintiff filed his Complaint, this Court issued an Order directing the parties and counsel to comply with their obligations to meet and confer regarding motions under Rule 12(b). The Court's directive was unambiguous.

From first notice of Plaintiff's lawsuit, McNees took steps to notify Plaintiff's counsel of the fatal deficiencies in the claims asserted against McNees. This included participation in a meet and confer, wherein McNees' counsel explained Plaintiff's Complaint failed to state a claim against McNees. This was followed by detailed correspondence to counsel for Plaintiff, providing additional explanation of McNees' position, with citation to legal authority. McNees also agreed to an extension of time for Plaintiff to either respond to this defendant's motion to dismiss or file an amended complaint. These steps were repeated following the filing of Plaintiff's Amended

Complaint. A timeline of events, setting forth undisputed history relevant to this Reply is set forth below:

| | |
|---|---|
| 10-17-2023 | Plaintiff files Complaint. (ECF 001) |
| 10-20-2023 | The Court issues Order setting forth counsels' duties and obligations to meet and confer with respect to 12(b) motions. (ECF 004) |
| 10-27-2023 | This Defendant Executes Waiver of Service of Complaint. (ECF 13) |
| 12-13-2023 | Counsel for all parties participate in meet and confer regarding bases for defendants' proposed motions to dismiss. |
| 12-14-2023 | Counsel for McNees sends letter outlining specific bases for its position that claims are without any bases and should be dismissed. (Exhibit A) |
| 12-14-2023 | Later that same day Plaintiff makes a global settlement demand to all defendants without addressing any of the concerns raised in the meet and confer. (Exhibit B) |
| 12-22-2023 | McNees files a Motion to Dismiss Plaintiff's Complaint. (ECF 29 & 30) |
| 12-22-2023 | The Court orders that Plaintiff respond to defendants' motions to dismiss by 01-11-2024. (ECF 31) |
| 12-26-2023 | Plaintiff's counsel requests consent by defendants to an extension to 01-31-2024, to respond to the motions to dismiss or file an amended complaint. |
| 12-26-2026 | All defendants' consent to an extension for Plaintiff to respond. |
| 01-02-2023 | The Court grants Plaintiff's Motion for an Extension. (ECF 33) |
| 01-31-2024 | Plaintiff files Amended Complaint. (ECF 35) |
| 02-13-2024 | Counsel for McNees writes to counsel for Plaintiff outlining bases for dismissal of claims against this defendant, inviting further discussion. (Exhibit C) |
| 02-13-2024 | Counsel for Plaintiff responds to meet and confer letter indicating that position had not changed. (Exhibit D) |
| 02-14-2024 | McNees files Motion Dismiss Amended Complaint. (ECF 43 & 44) |
| 02-26-2024 | Counsel for Plaintiff requests consent to extension until 03-15-2024 for Plaintiff to respond to motions to dismiss Amended Complaint. |
| 02-26-2024 | All defendants' consent to Plaintiff's request for extension. |
| 02-27-2024 | The Court grants Plaintiff's Motion for Extension of Time in which to file response to motions to dismiss Amended Complaint. (ECF 48) |
| 03-15-2024 | Plaintiff files Opposition to Motion to Dismiss Amended Complaint, including statement of dismissal of 3 of 5 substantive counts against McNees. (ECF 49) |
| 09-30-2024 | The Court grants McNees' Motion to Dismiss in its entirety, dismissing all claims against McNees, with prejudice. (ECF 53) |

## DISCUSSION

In the course of the meet and confer communications in December of 2023 and February of 2024, counsel for Plaintiff did not offer any substantive response to McNees' concerns. Counsel for Plaintiff did not explain the factual bases for the claims, and the Amended Complaint, filed six

weeks after the meet and confer, did not include any substantive changes to the claims made against McNees in the original Complaint.

After the filing of the Amended Complaint, counsel for McNees contacted counsel for Plaintiff again to meet and confer, and outlined the deficiencies of the claims in the Amended Complaint, which were the same as the claims in the original Complaint. Plaintiff did not respond with any explanation for the bases for any of the claims against this defendant. Accordingly, McNees prepared and filed a Motion to Dismiss Plaintiff's Amended Complaint.

Plaintiff then filed his Opposition to the Motion to Dismiss Plaintiff's Amended Complaint, in which he withdrew 3 of the 5 counts against McNees (Counts II – Dragonetti Act, V – Recklessness, and VIII – Negligence). In the Opposition, Plaintiff offered no substantive support for either of the two remaining claims (Counts III – Abuse of Process, and VI – Intentional Infliction of Emotional Distress). Specifically, when given the opportunity to explain to the Court why the abuse of process claim should stand, Plaintiff said nothing about how the allegations in the Complaint constituted such a claim, focusing only on the issue of the statute of limitations:

> Here, Hutcherson's abuse of process claim arises from the frivolous appeal of the trial court's decision that Defendants originally filed on February 26, 2021. It is important to note that there was no way for Plaintiff to know the appeal was frivolous when Defendants first filed the appeal. Instead, it was not until Defendants filed their entirely frivolous Application to Strike on November 8, 2021 that Plaintiff first had notice of the frivolity of the appeal. Defendants filing of the Application to Strike represented a continuation of their harassment and discrimination of Hutcherson. Such tortious actions served to extend the statute of limitations in accordance with Pennsylvania's interpretation of the continuing violations doctrine. *See Kowalski v. TOA PA V, LP.,* 206 A.3d 1148 (Pa. Super. Ct. 2019) (holding that each instance of a continued tort, being trespass, would extend the statute of limitations to the prior instances). As such, Hutcherson's abuse of process claim did not accrue, and therefore did not begin to run until November 8, 2021, at the earliest.

*See* ECF 49, at 9. Again, there was nothing about how the facts alleged in the Amended Complaint constituted an abuse of process claim against McNees. Similarly, with respect to the challenge to Plaintiff's intentional infliction of emotional distress claim, Plaintiff said only this:

> Racial discrimination and abuse of process in the form of racial discrimination clearly meet the standard of "outrageous conduct," as required to bring an IIED claim. In his Complaint, Hutcherson pleaded all the other elements required for an IIED claim and therefore should be permitted by this Court to proceed. Thus, Defendants' Motions to Dismiss should be denied and Plaintiff should be allowed to proceed with discovery on his IIED claim.

*See* ECF 49, at 11. The above quoted paragraph is not Plaintiff's summary of the claim Rather, it is the entirety of Plaintiff's explanation of how the Amended Complaint sets forth an IIED claim. Accordingly, to this point Plaintiff has not, informally or in a pleading, provided a substantive response to McNees' assertion that the Plaintiff's Complaint and Amended Complaint failed to set forth any claims against McNees.

Plaintiff's counsel expresses confusion regarding the rules under which counsel were operating with respect to meet and confer on Rule 12(b) motions. There was, however, nothing confusing about the process. This Court's order of October 20, 2023, was unambiguous and based on long-standing publicly available practices and procedures. All counsel were on notice of the duties and obligations to participate, in good faith, in a meet and confer regarding any planned Rule 12(b) motions.

Federal courts possess the inherent power to "assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Ferguson v. Valero Energy Corp. 454 Fed. Appx.* 109, 112 (3d Cir. 2011) *(*quoting *Chambers v. NASCO, Inc.,* 501 U.S. 32, 45-46, 111 (1991), and quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258-59 (1975)). The power extends to the regulation of attorneys as well. *Id.* See also*, In re Prudential Ins. Co Am. Sales Practice Litig. Agent Actions,* 278 F.3d 175, at 189 (3d Cir. 2002).

4

Plaintiff argues that this Court's Order to Show Cause of October 4, 2024, can only be interpreted as invoking Rule 11. The Court's Order, however makes no mention of Rule 11. The absence of a Rule 11 motion or judicial invocation of that rule does not deprive a court of its ability to enforce orders requiring counsel and parties to act in good faith to avoid unnecessary motions practice. "A court may resort to its inherent power to impose sanctions even if much of the misconduct at issue is also sanctionable under statute or rules of court." *Id.* A finding of bad faith is "usually" required before such sanctions are ordered. *Prudential*, 278 F.3d at 181 & n.4, 189 (quoting *Martin v. Brown,* 63 F.3d 1252, at 1265 (3d Cir. 1995).

A Court is also authorized to impose monetary sanctions pursuant to 28 U.S.C. § 1927, which provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

*Id.* Monetary sanctions under this statute are appropriate if a Court finds an attorney has (1) multiplied proceedings; (2) in an unreasonable and vexatious manner; (3) thereby increasing the cost of the proceedings; and (4) doing so in bad faith or by intentional misconduct. *Williams v. Giant Eagle Markets*, Inc. 883 F.2d 1184, 1191 (3d Cir. 1989). Indications of this bad faith are findings that the claims advanced were meritless, that counsel knew or should have known this, and that the motive for filing the suit was for an improper purpose such as harassment." *Smith v. Detroit Fed'n of Teachers Local 231, et. al.,* 829 F.2d 1370, 1375 (6th Cir.1987).

Finally, Rule 16(f) of the Federal Rules of Civil Procedure, authorizes the Court to take appropriate action, including sanctions, as follows:

(f) Sanctions.

(1) *In General.* On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney:

    (A) fails to appear at a scheduling or other pretrial conference;

    (B) is substantially unprepared to participate--or does not participate in good faith--in the conference; or

    (C) fails to obey a scheduling or other pretrial order.

(2) *Imposing Fees and Costs.* Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses--including attorney's fees--incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 16(f).

This Court's order required all parties and counsel, whether a movant or non-movant, to "make good faith efforts" to confer regarding Rule 12(b) motions. Accordingly, it is well within this Court's discretion, and there is a sufficient record, to determine whether Plaintiff acted in good faith in the meet and confer process. If the Court finds bad faith, as discussed above, it has the discretion to fashion an appropriate remedy, including monetary sanctions.

                                  Respectfully submitted,

                                  Kraus Jenkins PLLC

By:   /s/ James W. Kraus
      James W. Kraus (PA Bar No. 56881)
      428 Boulevard Kraus of the Allies, Ste. 700
      Pittsburgh, PA 15219
      Tel.: (412) 546-0780
      Email: jkraus@krausjenkins.com

Dated: October 31, 2024              *Counsel for Defendant McNees Wallace & Nurick, LLC*