

1001 Liberty Ave, Fifth Floor
Pittsburgh, PA 15222
Phone: 412-546-0780
Fax: 412-546-0785

**Mailing Address:**
P.O. Box 99561
Pittsburgh, PA 15233

E-mail: jkraus@krausjenkins.com
Direct Dial: 412-546-0781

December 14, 2023

*Via Electronic Mail*
Mr. George Farneth, Esq.
The Farneth Law Group, LLC
445 Ft. Pitt Blvd., Ste. 160
Pittsburgh, PA 15219
grf@farnethlaw.com

      Re: Civil Action No. 2:23-cv-1785; *Hutcherson v. PIAA, et al.*

Dear George,

Thank you for taking the time to meet and confer yesterday afternoon. Per your request, below is a summary of McNees Wallace & Nurick, LLC's position with respect to this matter. As I mentioned, McNees intends to file its motion to dismiss on Friday, December 22, 2023. To avoid unnecessary costs and burden to the Court, please advise whether your client intends to dismiss any or all of the claims against McNees by that date.

Your client has alleged five causes of action against our client: (1) Violation of the Dragonetti Act; (2) Abuse of Process; (3) Recklessness/Gross Negligence; (4) Intentional Infliction of Emotional Distress; and (5) Negligence and Carelessness. As an initial matter, all five of these claims fail against McNees because they do not satisfy the pleading requirements set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The Complaint fails to set forth a single factual allegation regarding McNees's conduct, much less does it provide sufficient factual averments to plausibly demonstrate wrongdoing by McNees.

In addition to the factual shortcomings of the Complaint, each claim also fails as a matter of law.

    1.    <u>Dragonetti Act</u>. McNees did not procure, initiate, or continue a civil proceeding that is subject to the Dragonetti Act. The proceedings before the PIAA were initiated by North Allegheny School District, not PIAA. *See* Compl. ¶ 39. Administrative proceedings, such as those before the PIAA, are not "civil proceedings" subject to Dragonetti. *See e.g., Raynor v. D'Annuzio*, 243 A.3d 41, 55 (Pa. 2020); *Pellegrino Food Prods. Co. v. City of Warren*, 136 F. Supp. 2d 391, 406 (W.D. Pa. 2000).




And defending an action on appeal does not constitute the initiation of a civil proceeding for purposes of Dragonetti. *Walasavage v. Nationwide Ins. Co.*, 806 F.2d 465, 467–68 (3d Cir. 1986).

    2.    <u>Abuse of Process</u>.  First, the statute of limitations period for any abuse of process claim against McNees expired, at the very latest, on April 23, 2023, two years after PIAA filed its opening brief on appeal. *Fine v. Checcio*, 870 A.2d 850, 857 (Pa. 2005).  Second, the proceedings before PIAA were administrative and, therefore, do not support an abuse-of-process claim.  *Simone v. Golden Nugget Hotel and Casino*, 844 F.2d 1031, 1036–37 (3d Cir. 1988).  Third, the Complaint does not allege (nor can it) that Mcnees filed the appeal on behalf of PIAA for an illegitimate purpose.  *See Al Hamilton Contracting Co. v. Cowder*, 644 A.2d 188, 191 (Pa. Super. Ct. 1994).

    3.    <u>Negligence, Carelessness, Recklessness, Gross Negligence</u>.  Attorneys do not owe opposing parties a duty of care. *See, e.g.*, *Lima v. Deutsche Bank Nat'l Trust Co.*, 690 F. App'x 911, 914–15 (9th Cir. 2017); *Buscher v. Boning*, 159 P.3d 814, 832 (Haw. 2007); *Clark v. Druckman*, 624 S.E.2d 864, 869 (W.Va. 2005); *Guinn v. Apartment Owners Ass'n of Makaha Valley Towers Bd. of Directors*, 2015 WL 855151, at *9 (D. Haw. Feb. 27, 2015); *Rashidi v. Albright*, 818 F. Supp. 1354, 1358 (D. Nev. 1993); *Garcia v. Rodney, Dickason, Sloan, Akin & Robb, P.A.*, 750 P.2d 118, 122 (N.M. 1988).

    4.    <u>Intentional Infliction of Emotional Distress</u>.  The Complaint does not allege any extreme or outrageous conduct by McNees, nor does it allege that your client suffered a physical harm sufficient to support an IIED claim. *See, e.g.*, *Williams v. Guzzardi*, 875 F.2d 46, 52 (3d Cir. 1989).

    At the conclusion of our call, you inquired regarding the potential for settlement. Our client has indicated no interest in contributing to a settlement. In all candor, we see no bases for the sweeping allegations of intentional misconduct the complaint makes against our client.  Respectfully, this is not just informal advocacy or hyperbole.  Based on the allegations in the complaint and our knowledge of the underlying proceedings, we don't see any support for initiating this lawsuit in the first place or any way that the complaint could be credibly amended to assert a viable claim. In short, we believe the case should be voluntarily terminated immediately. Should your client decline to voluntarily dismiss these claims against McNees, we will file our Motion to Dismiss with Judge Bissoon on December 22, 2023.

    Very truly yours,

    James W. Kraus

JWK/gar