

428 Boulevard of the Allies, Ste. 700
Pittsburgh, PA 15219
Phone: 412-546-0780
Fax: 412-546-0785

**Mailing Address:**
P.O. Box 99561
Pittsburgh, PA 15233

E-mail: jkraus@krausjenkins.com
Direct Dial: 412-546-0781

February 13, 2024

*Via Electronic Mail*
Mr. George Farneth, Esq.
The Farneth Law Group, LLC
445 Ft. Pitt Blvd., Ste. 160
Pittsburgh, PA 15219
grf@farnethlaw.com

   Re: Civil Action No. 2:23-cv-1785; *Hutcherson v. PIAA, et al.*

Dear George,

I have reviewed your Amended Complaint in the above-referenced matter. In an effort to preserve judicial resources, I am writing to outline McNees Wallace & Nurick, LLC's position before filing additional briefing. In our review, the Amended Complaint suffers from the same deficiencies the parties discussed in our meet and confer on December 12, 2023, which are outlined in further detail below. We, therefore, intend to file a motion to dismiss on February 14, 2024. To avoid unnecessary strains on the Court's time, please advise whether your client intends to voluntarily dismiss any or all of the claims against McNees.

Your client has alleged five causes of action against our client: (1) Violation of the Dragonetti Act; (2) Abuse of Process; (3) Recklessness; (4) Intentional Infliction of Emotional Distress; and (5) Negligence. As an initial matter, all five of these claims fail against McNees because they do not satisfy the pleading requirements set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The Amended Complaint fails to set forth a single factual allegation regarding McNees's conduct, much less does it provide sufficient factual averments to plausibly demonstrate wrongdoing by McNees.

In addition to these factual shortcomings, each claim also fails as a matter of law.

  1. <u>Dragonetti Act</u>. McNees did not procure, initiate, or continue a civil proceeding when it appealed the Court of Common Pleas' decision to the Commonwealth Court. As the Third Circuit has explained, defending an action on appeal does not constitute the initiation or continuation of a civil proceeding for purposes of Dragonetti. *Walasavage v. Nationwide Ins. Co.*, 806 F.2d 465, 467–68 (3d

Cir. 1986). While, of course, my client denies any suggestion that the appeal was frivolous, even a frivolous appeal will not support a Dragonetti claim. *Id.*; *see also, e.g.*, *Rosen v. American Bank of Rolla*, 627 A.2d 190, 193 (Pa. Super. Ct. 1993) ("[A] frivolous appeal will not support an action for wrongful use of a civil proceeding.").

2. <u>Abuse of Process</u>. First, the statute of limitations period for any abuse of process claim against McNees expired, at the very latest, on April 23, 2023, two years after PIAA filed its opening brief on appeal. *Langman v. Keystone Nat'l Bank & Trust Co.*, 672 F. Supp. 2d 691, 698–701 (E.D. Pa. 2009). Second, the proceedings before PIAA were administrative and, therefore, do not support an abuse-of-process claim. *Simone v. Golden Nugget Hotel and Casino*, 844 F.2d 1031, 1036–37 (3d Cir. 1988). Third, the Amended Complaint does not allege (nor can it) that McNees filed the appeal on behalf of PIAA for an illegitimate purpose. *See Al Hamilton Contracting Co. v. Cowder*, 644 A.2d 188, 191 (Pa. Super. Ct. 1994).

3. <u>Negligence and Recklessness</u>. Attorneys do not owe opposing parties a duty of care. *See, e.g.*, *Smith v. Griffiths*, 476 A.2d 22, 26 (Pa. Super. 1984) ("[A]n attorney will be held liable for negligence only to his client."); *Pelagatti v. Cohen*, 536 A.2d 1337, 1347 (Pa. Super. Ct. 1988) ("[A]n attorney will be held liable for negligence only to his client and not to anyone else."). Further, neither Pennsylvania Rule of Civil Procedure 1023.1 nor the Rules of Professional Conduct create a duty of care or support a negligence claim. *Gigli v. Pallisades Collection, L.L.C.*, 2008 WL 3853295, at \*18 (M.D. Pa. Aug. 14, 2008); *Smith v. Morrison*, 47 A.3d 131, 136–37 (Pa. Super. Ct. 2012).

4. <u>Intentional Infliction of Emotional Distress</u>. The Amended Complaint does not allege any extreme or outrageous conduct by McNees, *see, e.g.*, *Parker v. Cenlar FSB*, 2021 WL 22828, \*6 (E.D. Pa., Jan. 4, 2021), and this claim is barred by the two-year statute of limitations. *Fine v. Checcio*, 870 A.2d 850, 857 (Pa. 2005).

We outlined the lack of legal support for the sweeping claims raised in the initial Complaint two months ago, which, candidly, have not been remedied by this Amended Complaint, but have caused my clients to endure significant costs and fees. To avoid imposing further unmerited costs on McNees and the Court, this case should be voluntarily terminated without further delay. Should your client decline to voluntarily dismiss these claims against McNees, we will file our Motion to Dismiss with Judge Bissoon on February 14, 2024. If you believe further discussion is warranted or would help address the concerns raised in this letter, please contact me immediately.

                Very truly yours,

                James W. Kraus

JWK/gar