# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KYRELL HUTCHERSON : | |
| : | |
| Plaintiff : | |
| : | Civil Action No. 2:23-CV-1785-CB |
| v. : | |
| : | *Electronically Filed* |
| PENNSYLVANIA INTERSCHOLASTIC : | |
| ATHLETIC ASSOCIATION, individually : | Judge Cathy Bissoon |
| and t/d/b/a WESTERN PENNSYLVANIA : | |
| INTERSCHOLASTIC ATHLETIC : | |
| LEAGUE, BUCHANAN INGERSOLL & : | |
| ROONEY PC, MCNEES WALLACE & : | |
| NURICK LLC, AND KISKI AREA : | |
| SCHOOL DISTRICT : | |
| : | |
| Defendants : | |

### DEFENDANT BUCHANAN INGERSOLL & ROONEY PC'S REPLY
### TO PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

Buchanan Ingersoll & Rooney PC ("Buchanan") respectfully submits this Reply to Plaintiff's Response (Doc. 60) ("Response") to the Court's Order to Show Cause (Doc. 54).

### I. RELEVANT BACKGROUND

This Court's October 20, 2023 Order set forth the parties' obligations regarding the filing of motions to dismiss, made specific reference to the applicable Practices and Procedures with a direct hyperlink to those Practices and Procedures and clearly stated that "all counsel…must familiarize themselves with the undersigned's Practices and Procedures…and they will be held responsible for complying with the same." (Doc. 4).

Prior to filing motions to dismiss, counsel for all parties scheduled and held a meet and confer telephone conference in which Buchanan clearly laid out why Plaintiff's claims against Buchanan were meritless and should be dismissed. The next day, Buchanan sent Plaintiff's counsel a written summary outlining the specific basis for why Plaintiff's claims against Buchanan should

not have been filed and should be withdrawn. *See* Exhibit A. Rather than addressing the multiple deficiencies outlined by Buchanan and others, Plaintiff's counsel responded that same day with a global settlement demand. *See* Exhibit B. Buchanan was therefore required to file its Motion to Dismiss (Docs. 23-24.) which again laid out the exact reasons why Plaintiff's claims against Buchanan were meritless.[1]

Despite being informed in the meet and confer, in the follow-up written summary and in Buchanan's Motion to Dismiss that Plaintiff's claims against Buchanan were meritless, Plaintiff filed an Amended Complaint alleging the same baseless claims without curing any of the fatal deficiencies. (*Compare* Doc. 1 *with* Doc. 35.) Buchanan again emailed Plaintiff's counsel to schedule a meet and confer to avoid the necessity of Buchanan having to file a second Motion to Dismiss, but Plaintiff's counsel was unwilling to reconsider the baseless claims or to provide any defense or justification for reasserting the same deficient claims. *See* Exhibit C. This caused Buchanan to incur the cost of preparing and filing the second Motion to Dismiss. (Docs. 43-44.)

When Plaintiff filed his Omnibus Brief in Opposition to Defendants' Motions to Dismiss (Doc. 49.), he notified Buchanan for the first time that he was voluntarily withdrawing the following claims against Buchanan: Count II – Violation of the Dragonetti Act/Wrongful Use of Civil Proceedings; Count V – Recklessness; and Count VIII – Negligence. (*Id*. at p. 2.) Buchanan highlighted in its Reply Brief that this was not the first time Plaintiff's counsel has filed claims devoid of legal support before this court. *See Kingfly Spirits, LLC v. Blake Ragghianti*, Case 1:22-cv-00050-CB, Doc. No. 171, p. 2 n. 3 (September 25, 2023) ("whether related to levels of diligence, competence or zealousness, Plaintiffs' counsel appear willing to ask for anything, of any

---

[1] Buchanan represented itself in this lawsuit but incurred the opportunity costs of using its own attorneys to draft and file the Motions to Dismiss.

2

court, at any time; and they often do not appear to concern themselves with whether their requests enjoy support in the law.")

In its Memorandum Opinion and Order, this Court granted Buchanan's Motion to Dismiss dismissing the final two claims against Buchanan. (Doc. 53.) The Court then issued its Order to Show Cause why Plaintiff should not be held liable for costs and fees associated with the preparation of the portions of Defendants' motions and briefs regarding the Counts that Plaintiff ultimately voluntarily withdrew. (Doc. 54.) Plaintiff filed his Response, (Doc. 60.), and this Reply is being filed pursuant to this Court's October 28, 2024 Order. (Doc. 61).

## II. DISCUSSION

"The purpose of the [meet and confer] requirement is to encourage settlement, resolve disputes which need not involve the Court, and avoid unnecessary litigation, thus saving the parties', the Court's, and the taxpayers' limited time, money, and resources." *Wong v. Astrue*, 2008 U.S. Dist. LEXIS 111133, 2008 WL 4167507, at *2 (N.D. Cal. 2008). Plaintiff counsel's actions, as set forth above, clearly frustrate the purpose of the meet and confer requirement. This Court is authorized to exercise its discretion to determine whether that conduct is sanctionable.

Plaintiff's argument that Fed. R. Civ. P. 11(c)(5) precludes the Court from *sua sponte* imposing monetary sanctions is misplaced because the Court is not relying upon Rule 11 for its authority to impose sanctions. None of the Court's relevant Orders (*see* Docs. 4, 53, 54) or the assigned judge's Practices and Procedures[2] reference Rule 11, and there are other sources which provide this Court with authority to impose sanctions, including Fed. R. Civ. P. 16(f). As explained

---

[2] Plaintiff counsel's citing "different versions" of the applicable Practices and Procedures (*see* Pl. Response (Doc. 60) at p. 2) seems a stretch and moot. The plain language of the Court's October 20, 2023 Order (Doc. 4) contains a hyperlink to the applicable Practices and Procedures (which have been in place since 2019 and are also available on the WDPA's official website) and expressly sets forth the parties' obligations regarding motions to dismiss at issue here.

3

in the Advisory Committee Notes, "Rule 16(f) expressly provides for imposing sanctions on disobedient or recalcitrant parties, their attorneys, or both …. Furthermore, explicit reference to sanctions reinforces the rule's intention to encourage forceful judicial management."

This Court also has inherent power and authority to, *inter alia*, manage the cases on its docket, regulate the actions of parties and attorneys appearing before it, and enforce its own orders. *See, e.g., Dietz v. Bouldin*, 579 U.S. 40, 45 (2016) ("[T]his Court has long recognized that a district court possesses inherent powers that are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." (internal quotations omitted)); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 42 (1991) ("Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum…and submission to their lawful mandates." (internal quotations omitted)); *Eash v. Riggins Trucking Inc.*, 757 F.2d 557, 567 (3d Cir. 1985) (recognizing that a district court has the "inherent power to manage its caseload, control its docket, and regulate the conduct of attorneys before it," which "provides [the district court] authority to fashion tools that aid the court in getting on with the business of deciding cases."). This power includes the award of sanctions. *See, e.g., Chambers*, 501 U.S. at 45-46 ("[A] court may assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." (internal quotations omitted)); *Ferguson v. Valero Energy Corp.*, 454 Fed.Appx. 109, 112 (3d Cir. 2011) (quoting *Chambers* (above) and further providing "[a] court may resort to its inherent power to impose sanctions even if much of the misconduct at issue is also sanctionable under statute or rules of court." (internal quotations omitted)). Plaintiff's brief does not address these sources of sanction authority.

Armed with this clear authority, this Court has the discretion to discern whether Plaintiff's delayed decision to voluntarily dismiss three meritless claims against Buchanan can be justified as a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law. Plaintiff's brief is devoid of any mention of what law he was seeking to extend, modify, reverse or establish, and this argument seems to be refuted entirely by his ultimate decision to voluntarily dismiss these claims. Even if this justification had merit, it still does not explain why he did not voluntarily withdraw his claims sooner so that Buchanan could have avoided filing two Motions to Dismiss on these abandoned claims.

### III.  CONCLUSION

For all of the foregoing reasons, the Court has the authority to award sanctions if it deems them warranted, and Plaintiff's Response does little to alter that analysis.

Respectfully submitted,

 /s/ Kyle J. Meyer
Kyle J. Meyer (PA I.D. No. 307743)
BUCHANAN INGERSOLL & ROONEY PC
409 North Second Street, Suite 500
Harrisburg, PA  17101
(717) 237-4887
*kyle.meyer@bipc.com*

*Counsel for Defendant Buchanan Ingersoll & Rooney PC*

DATED:  October 31, 2024

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was electronically filed by using the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

                                                 */s/ Kyle J. Meyer*
                                                 Kyle J. Meyer

DATED: October 31, 2024